**Wahyu TARIGAN, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 05–75576.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 11, 2009.*

Filed Aug. 14, 2009.

Santiago V. Millare, Esquire, Murrieta, CA, for Petitioner.

William C. Erb, Jr., Esquire, OIL, Terri Jane Scadron, Esquire, DOJ–U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, WWS–District Counsel, Esquire, Immigration and Naturalization Service, Office of the District Counsel, Seattle, WA, for Respondent.

Before: KLEINFELD, M. SMITH, and IKUTA, Circuit Judges.

MEMORANDUM **

Wahyu Tarigan, a native and citizen of Indonesia, petitions for review of the

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Board of Immigration Appeals' order affirming an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings, *Wakkary v. Holder,* 558 F.3d 1049, 1056 (9th Cir.2009), and we deny the petition for review.

■ Substantial evidence supports the IJ's finding of no past persecution because Tarigan testified that neither he nor his family were harmed in Indonesia. *See id.* at 1059–60. Furthermore, substantial evidence supports the IJ's finding that Tarigan has not established a well-founded fear of future persecution. *See Lolong v. Gonzales,* 484 F.3d 1173, 1179–81 (9th Cir. 2007) (en banc). Lastly, the record does not compel the conclusion that Tarigan demonstrated a pattern or practice of persecution against Christians in Indonesia. *See Wakkary,* 558 F.3d at 1060–62. Accordingly, Tarigan's asylum claim fails.

■ Because Tarigan has failed to demonstrate eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Mansour v. Ashcroft,* 390 F.3d 667, 673 (9th Cir.2004).

■ Finally, substantial evidence also supports the IJ's denial of CAT relief because Tarigan has not established it is more likely than not that he will be tortured if he returns to Indonesia. *See Singh v. Gonzales,* 439 F.3d 1100, 1113 (9th Cir.2006).

**PETITION FOR REVIEW DENIED.**